# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EUGENE JEROME CUNNINGHAM, | ) <br> ) CIVIL ACTION NO. 9:11-3179-CMC-BM <br> ) <br> ) |
| Petitioner, | ) <br> ) |
| v. | ) **REPORT AND RECOMMENDATION** <br> ) |
| DARLENE DREW, <br> Warden, FCI BENNETTSVILLE, | ) <br> ) <br> ) <br> ) |
| Respondent. | ) <br> ) |

This Petition for a writ of habeas corpus was filed on January 21, 2012, pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") in Bennettsville, South Carolina.

Respondent filed a motion for summary judgment, on January 17, 2012. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on January 18, 2012, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition to the motion on February 28, 2012

This matter is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local



## Background

The evidence before the Court shows that Petitioner was sentenced by the United States District Court for the District of Columbia on February 20, 1973, to a 5 to 15 year term of imprisonment for a violation of DC ST § 22-2801 (Carnal Knowledge). See Exhibit 1, ¶ 4. Thereafter, on March 23, 1973, Petitioner was sentenced to consecutive sentences for a total aggregated term of forty-five (45) years to life imprisonment with a mandatory minimum of forty (40) years for 2 counts of Murder I in violation of DC ST ¶ 22-2404 and Armed Robbery in violation of DC ST § 22-3202 and 2901. See Exhibit 1, ¶ 5. Petitioner was then sentenced on June 15, 1973, to a 1 year term of imprisonment by the United States District Court for the Eastern District of Virginia for Escape in violation of 18 U.S.C. § 751(a). See Exhibit 1, ¶ 6.

On February 15, 1974, Petitioner was sentenced by the United States District Court for the Eastern District of Virginia to twenty (20) years for Escape (in violation of 18 U.S.C. § 751), Assault on a Correctional Officer (in violation of DC ST § 22-5-5 & 18 U.S.C. § 2), Transportation of Stolen Motor Vehicles (in violation of 18 U.S.C. § 2312), Carrying a Firearm During the Commission of a Felony (in violation of 18 U.S.C. 924(c)(2)), and Transportation of Stolen Firearms (in violation of 18 U.S.C. § 922(I) and (924(a)). See Exhibit 1, ¶ 7. Petitioner was next sentenced on March 19, 1974, to a three (3) year term of imprisonment by the United States District Court for the District of Columbia for Assault and Interfering with a Federal Officer in violation of 18 U.S.C. § 111. See Exhibit 1, ¶ 8.

On July 11, 1975, the Petitioner was sentenced to a twelve (12) year term of

---

Rule 19.02(B)(2)(c), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



imprisonment by the United States District Court for the Eastern District of Virginia for Assault on a Correctional Officer with a Dangerous Weapon in violation of DC ST § 22-505(b).  See Exhibit 1, ¶ 9.  Petitioner was then sentenced on October 8, 1975, to a term of 6 months imprisonment by the District of Columbia Superior Court for Simple Assault.  See Exhibit 1, ¶ 10.

Petitioner is currently incarcerated at FCI Bennettsville serving an aggregate sentence of forty-five (45) years to Life, with a mandatory minimum of forty (40) years [Petitioner is serving 2 twenty (20) year sentences].  See Exhibit 1 & Attachment A.  He is currently eligible for parole on September 29, 2016.  See Exhibit 1 & Attachment A [Court Docket No. 10-1, p. 11].  However, Petitioner asserts in this federal habeas action that Congress has enacted a new District of Columbia First Degree Murder sentencing statute that effectively abolished an offender's eligibility for parole after the service of twenty (20) years, and that now requires that he be placed on mandatory or supervised release after service of his current minimum sentence of forty (40) years, which he calculates to be September 13, 2013.  Petitioner requests that his sentence be recalculated or modified to reflect this change.

## **Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing pleadings filed by a *pro se* litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear



failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

Respondent does not contest that Petitioner's claim may be brought under 28 U.S.C. § 2241. Respondent also does not dispute that Petitioner has exhausted his administrative remedies with respect to this claim. Hughes v. Slade, 347 F.Supp.2d 821 (C.D.Cal. 2004); Jimenez v. Warden, FDIC, Fort Devens, Massachusetts, 147 F.Supp.2d 24, 27 (D.Mass. June 8, 2001); see United States v. Shanklin, No. 87-7395, 1988 WL 41128 at \*\*2 (4th Cir. April 28, 1988); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) [ "It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court." ]. See also Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982). However, although this claim is properly before this Court for consideration, it is without merit.

The parties do not dispute that at the time of Petitioner's 1973 sentencing, the effective statute for sentencing for Murder in the First Degree stated as follows:

> (a) The punishment of murder in the first degree shall be life imprisonment.
>
> (b) Notwithstanding any other provision of law, a person convicted of first degree murder and upon whom a sentence of life imprisonment is imposed shall be eligible for parole only after the expiration of 20 years from the date he commences to serve his sentence.
>
> (c) Whoever is guilty of murder in the second degree shall be imprisoned for life or not less than 20 years.

See DC ST § 22-2404. Petitioner was sentenced under this statute to two consecutive twenty (20) years to Life terms for First Degree Murder which, aggregated together, results in a total term of forty



(40) years to Life, with a mandatory minimum of forty (40) years. See Respondent's Exhibit 1, ¶ 14. Petitioner's Murder I sentence was also ordered to run consecutive to the five (5) year sentence Petitioner received on February 20, 1973, for Carnal Knowledge. See Respondent's Exhibit 1, ¶ 14 and Attachment B. Thus, under § 22-2404 Petitioner is eligible for parole after the service of a minimum of forty-five (45) years imprisonment. See Respondent's Exhibit 1, ¶ 14.

The parties also do not dispute that under the District of Columbia Sentencing Reform Amendment Act of 2000, D.C. Act 13-406, 47 DCR 7249 (hereinafter DC SRA of 2000), the District of Columbia shifted from an "indeterminate" sentencing system to a "determinate" sentencing system for all criminal offenses. The DC SRA of 2000 abolished parole and requires the Court to impose a determinate sentence as well as a period of supervised release to follow release from imprisonment or commitment for all felonies committed on or after August 5, 2000.[2] The DC SRA of 2000 also changed the penalty for Murder I as follows:

> (a) The punishment for murder in the first degree shall be not less than 30 years nor more than life imprisonment without release, except that the court may impose a prison sentence in excess of 60 years only in accordance with § 22-2104.01 or § 24-403.01(b-2). The prosecution shall notify the defendant in writing at least 30 days prior to trial that it intends to seek a sentence of life imprisonment without release as provided in § 22-2104.01; provided that, no person who was less than 18 years of age at the time the murder was committed shall be sentenced to life imprisonment without release.
>
> (b) Notwithstanding any other provision of law, a person convicted of murder in the first degree shall not be released from prison prior to the expiration of 30 years from the date of the commencement of the sentence.
>
> (c) Whoever is guilty of murder in the second degree shall be sentenced to a period of incarceration of not more than life, except that the court may impose a prison sentence in excess of 40 years only in accordance with § 24-403.01(b-2).

---

[2] D.C. Code § 24-403



> (d) For purposes of imprisonment following revocation of release authorized by § 24-403.01(b)(7), murder in the first degree and murder in the second degree are Class A felonies.

See DC ST § 22-2104 (2010). Hence, the changes made and implemented by § 22-2104 abolish parole, set a mandatory minimum of thirty (30) years service for Murder I, and allow the Court to impose a term of supervised release.

However, since this statute applies only to crimes committed on or after August 5, 2000, and since Petitioner was convicted on March 23, 1973, this amendment is not applicable to him. See Respondent's Exhibit 1, ¶ 16 & Attachment B. Petitioner has not offered any authority to show that this statute should be applied retroactively to him. Rather, Petitioner seems to argue that, although this statute has not been applied retroactively, it should be. See Petitioner's Memorandum filed February 27, 2012. This argument is without merit. It is important to note that Petitioner does not argue an *Ex Post Facto* violation in this case. Rather, Petitioner asserts that a failure to apply the new DC murder statute to him will result in a due process violation. Specifically, Petitioner claims a violation of his Equal Protection rights because similarly situated offenders will now receive disparate treatment. However, Petitioner's allegation that he is being denied equal protection because other prisoners are being sentenced under the new (and, Petitioner contends, more lenient) statute does not in and of itself set forth a viable cause of action , as such a comparison or allegation does not establish a "suspect class" for purposes of an equal protection claim.

The Equal Protection Clause guarantees that similarly situated persons receive similar treatment under the law; see City of Cleburne, Tex. V. Cleburne Living Center, 473 U.S. 432, 439 (1985); Yung v. United States Parole Commission, 682 F.2d 1105, 1109 (5th Cir. 1982), cert. denied, 459 U.S. 1021 (1982)[holding that due process and equal protection do not prohibit regulatory



classifications]; and to maintain a valid Equal Protection claim, Petitioner must show that he is being treated differently from others similarly situated based on intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Petitioner has made no such showing here. See Jones v. Ray, 279 F.3d 944, 946-947 (11th Cir. 2001)["To establish an equal protection claim, a prisoner must establish that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race."]; Newell v. Brown, 981 F.2d 880, 887 (6th Cir. 1992)[A prisoner cannot "make out a violation of his equal protection rights simply by showing that other inmates were treated differently"].

Because there is no fundamental right or suspect classification at issue here, Petitioner's claim is reviewed under the rational basis test, where he must show "that there is no 'rational relationship between the disparity of treatment and some legitimate governmental purpose.'" United States v. Speed, 656 F.2d 714, 720 (7th Cir. 2011)(quoting United States v. Nagel, 559 F.3d 756, 760 (7th Cir. 2009)); Brown v. Zavaras, 63 F.3d 967, 971 (10th Cir. 1995)[Section 1983 case applying a rational basis standard to the treatment of a prisoner and stating that "[w]hen the Plaintiff is not a member of a protected class and does not assert a fundamental right, we determine only whether government classifications have a rational basis."]; Michael v. Ghee, 411 F.Supp.2d 813, 818 (N.D. Ohio Feb. 1, 2006)["[I]nmates are not a suspect class for Equal Protection purposes."](citing Jackson v. Jamroq, 411 F.3d 615, 618-619 (6th Cir. 2005)). Petitioner fails to do so, as

> the disparate treatment to which [Petitioner] points is plainly rational, as "discrepancies among persons who committed similar crimes are inescapable whenever Congress raises or lowers the penalties for an offense." United States v.



Goncalves, 642 F.3d 245, 253 (1st Cir. 2011). Someone, in the end, will always be left behind to live with the earlier, harsher penalty, whenever Congress chooses to amend a sentencing statute. Whatever arbitrariness there may be is therefore unavoidable.

Speed, 656 F.2d at 720 [Finding no equal protection violation where Act was not applied retroactively to allow for a more lenient sentence]; cf. United States v. Llamas-Gonzales, 414 Fed.Appx. 936, 938-939 (9th Cir. 2011)[Finding no equal protection violation and that requirements in effect at time of birth rather than more lenient requirements in the amendments govern defendant's case] [immigration case]; Dockins v. Hines, 374 F.3d 935, 940 (10th Cir. 2004)[Although the case dealt with a state sentence, the Court stated "we have repeatedly refused to find a federal constitutional right to retroactive application of the more lenient sentencing rules from which Petitioner seeks to benefit."]. Accordingly, Petitioner is not entitled to relief on this basis.

The Court in Speed also held that "Congress's amendment [of] statutory penalties does not transform the preexisting penalty scheme into a cruel and unusual one. (Such a finding might have the undesirable effect of deterring Congress from enacting laws similar to the [Act at issue] if and when it concludes that an existing penalty is too severe)]." See Speed, 656 F.2d at 720. Therefore, although not directly raised by the Petitioner, the undersigned finds that the Eighth Amendment would also not entitle him to relief. DC offenders convicted of crimes committed before August 5, 2000, are still eligible for parole and all parole related matters are handled by the United States Parole Commission. Petitioner remains eligible for parole after service of his forty-five (45) years, which has been established as September 29, 2016. See Respondent's Exhibit 1, ¶ 16 & Attachments B and C.



## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion be **granted**,

and that Petitioner's claim be **dismissed.**

       The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 12, 2012

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

