IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Eugene Jerome Cunningham, | ) | C/A NO. 9:11-3179-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Darlene Drews, Warden, | ) | |
| F.C.I.-Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On June 12, 2012, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted and this matter be dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on July 2, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner contends the Report contains a variety of errors. In the main, Petitioner's contention is that the language contained in D.C. Code Section 22-2104(b), "notwithstanding any other provision of law," means that the current determinate sentencing structure of the District of Columbia should apply to his sentence, imposed in 1973. Petitioner's assertion is misplaced because, as evidenced by § 24-403, the District's determinate sentencing structure only applies to crimes committed after its effective date, *i.e.*, August 5, 2000.

Petitioner also argues that the Report fails to "give [P]etitioner a plenary review of [P]etitioner['s] claim under a statutory interpretation of the enactments involved in this case." "Motion Rejecting Magistrate Recommendation" at 10 (ECF No. 29). Petitioner maintains that "there is a clear case of ambiguity in the conflict of . . . [the] statutes [cited by Petitioner]." *Id*. These contentions are without merit.

Petitioner's other arguments are either reargument of positions presented in his petition or in opposition to Respondent's summary judgment motion, or are without merit.

Respondent's motion for summary judgment (ECF No. 10) is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 12, 2012